Dear Commissioner Brown:
You requested an opinion from this office as to whether any of the members of the entities given authority to appoint commissioners to the board of commissioners of the England Economic and Industrial Development District can be appointed and serve as commissioners on that board. Your request has been assigned to me for consideration and response.
The England Economic and Industrial Development District was created by the legislature as a political subdivision of the state, and is governed by a board of commissioners. See, La. R.S.33:130.351. The board of commissioners consists of ten members, appointed as set forth in La. R.S. 33:130.353:
 (1) Three members appointed by the Rapides Parish Police Jury;
 (2) Three members appointed by the mayor of the city of Alexandria, and confirmed by the city council;
 (3) One member appointed by the mayor of the city of Pineville, and confirmed by the board of aldermen;
 (4) One member appointed by a majority of the remaining incorporated municipalities in Rapides Parish, based upon resolutions approved by the respective boards of aldermen; and
 (5) Two members nominated by the board of directors of the Chamber of Commerce of Central Louisiana, and appointed by resolutions duly adopted by majority votes of the Rapides Parish Police Jury and Alexandria City Council.
In general, the policy of the state and the regulations pertaining to dual officeholding are set forth at La. R.S. 42:61,et seq. Of particular relevance to your query is the following excerpt from La. R.S. 42:64:
 A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
 (1) The incumbent of one of the offices, whether or not in conjunction with fellow officers, or employment has the power to appoint or remove the incumbent of the other, except that local governmental subdivisions may appoint members of the governing body to boards and commissions created by them and over which they exercise general powers as provided in Article VI, Section 15 of the Constitution of Louisiana . . .
Since the board of commissioners of the England Economic and Industrial Development District was created by the legislature and not by any of the local governmental subdivisions having authority to appoint members of that board, no member of any of the governing authorities having the power to appoint or confirm the appointment of a member of the board could fill one of the positions appointed by that governing authority. However, we find no prohibition of a member of one of the appointing authorities filling a position pursuant to an appointment by one of the other appointing authorities. For example, it appears a city councilman from Alexandria could be appointed to the board of commissioners by the Rapides Parish Police Jury. Our opinion assumes there is no collusion between the various appointing authorities to effectively circumvent the provisions of La. R.S. 42:64(A) (1), by agreement to appoint one another to the board.
Further support for the foregoing conclusion that there is no prohibition against a member of one of the appointing authorities being appointed to fill a position by another of the appointing authorities is found at La. R.S. 42:64(C):
 C. No other combination of offices or employments shall be deemed to be incompatible unless the powers, functions, or duties are found to be adverse to the public interest as set forth in Section 61 of this Part.
With regard to the positions filled on the nomination of the board of directors of the Central Louisiana Chamber of Commerce, we are of the opinion that those positions, as well as any other positions on the board of commissioners, could be held by the Chamber's directors. The Chamber of Commerce is not a governmental entity. It does not fit the definition of a "political subdivision" as used in the dual officeholding statutes, inasmuch as its directors merely nominate, but do not appoint members of the board of commissioners, and therefore it is not performing a governmental function. See, La. R.S. 42:62(9).
We trust this opinion satisfies your query. Should you have further questions, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ RANDALL A. KARR ASSISTANT ATTORNEY GENERAL
RPI/RAK/dra